NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RAUL and MARLENE ISIP, CHRISTIAN and BERNADETTE LELINA, JUAN C. and SANDRA C. SANCHEZ, ALLAN RICO and ESTER VIRAY, RAMON SALCADOR, MARLYN ESCLAMADA, NAPENAS VICTOR,<br><br>        Plaintiffs,<br><br>        v.<br><br>NATIONSTAR MORTGAGE, LLC, JOHN DOE 1-10,<br><br>        Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 11-CV-05529 (DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.

        This matter comes before the Court upon motion by Defendant Nationstar Mortgage, LLC ("Defendant" or "Nationstar Mortgage") to dismiss Plaintiffs' Raul and Marlene Isip, Christian and Bernadette Lelina, Juan C. and Sandra C. Sanchez, Allan Rico and Ester Viray, Ramon Salcador, Marlyn Esclamada, and Napenas Victor (collectively "Plaintiffs") Complaint, pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendant's motion to dismiss is **granted**.[1]

---

        [1]The Court notes that the instant motion is one of many before this Court in twenty-five related matters filed between September 22 and 23, 2011 following the dismissal of Almazan, et al v. 1st 2nd Mortg. Co. Of N.J., Inc., et al., No. 10-1336, 2011 WL 2652149 (D.N.J. June 30, 2011). After reviewing the complaints in each of the related matters, it appears that all of the

I.   **BACKGROUND**[2]

This case arises out of the alleged predatory lending practices perpetrated by Defendants during mortgage transactions entered into with Plaintiffs on their subject properties. Pls.' Compl. ¶ 2.  Plaintiffs allege numerous Federal and State law claims, including but not limited to the Federal Truth in Lending Act and Regulation Z, the Federal Real Estate Settlement Procedures Act, the Home Ownership and Equity Protection Act, the Federal Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Practices Act, the Fair Credit Report Act, State and Federal High Cost Loan Statutes, the New Jersey Consumer Fraud Act, the New Jersey Lenders' Liability Law, the New Jersey RICO statutes, breach of contract, fraud and misrepresentation, negligence, among others. Pls.' Compl. ¶ 2.

The Complaint in the instant matter was filed following the dismissal of the class action suit in Almazan, et al v. 1st 2nd Mortg. Co. Of N.J., Inc., et al., No. 10-1336, 2011 WL 2652149 (D.N.J.

---

[2] complaints are substantively the same in several material regards and appear to be variations on the same formulaic complaint.  As a result, the complaints all suffer from the same deficiencies, namely a failure to plead a plausible claim to relief.  Accordingly, the Court will simultaneously decide the twelve motions presently before it and dismiss the complaints in the following cases: Lelina v. 1 st 2nd Mortgage Co. of NJ, Inc. (11-5517); Abanto v. Bank of America, N.A. (11-5519); Estacio v. Deutsche Bank Nat'l Trust Co. (11-5522); Abucay v. GMAC Mortgage Corp. (11-5523); Salazar v. Nat'l City Bank (11-5528); Isip v. Nationstar Mortgage, LLC (11-5529); Coolack v. Select Portfolio Servicing, Inc. (11-5531); Magat v. US Bank Nat'l Assoc. (11-5534); Flores v. Wells Fargo, N.A. (11-5535); Cerciello v. First Franklin Loan Services (11-5536); Auletta-Segura v. Green Tree Servicing, LLC (11-5538); and Abucay v. HomeEq Servicing (11-5539).  This Court also notes that three related cases have already been dismissed by this Court on the same grounds. See Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724 (D.N.J. Jan. 27, 2012)(JLL); Aquino v. Aurora Loan Services, LLC, No. 11-5518, 2012 WL 2514844 (D.N.J. June 28, 2012)(DMC); and Flores, et al. v. HSBC, et al, No. 11-5525, 2012 WL 2522987 (D.N.J. June 29, 2012)(DMC).

[2] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

June 30, 2011)(Civ.A.No. 10-1336, ECF No. 191).   The complaint in Almazan was dismissed without prejudice on the grounds that Plaintiffs failed to adequately put any Defendants on notice of any specific claims. (Civ.A.No. 10-1336, Opinion adopting Report and Recommendation June 2, 2011, at p. 7, ECF No. 185).  Specifically, the Court noted that Plaintiffs' Complaint "[did] not inform any reader what the Defendants did wrong, to whom they did it, or when they did it."Id. Plaintiffs were directed to re-file separate complaints against only those Defendants that were involved in their respective loans.  Further, Plaintiffs were admonished, under the principles of Younger Abstention, to consider the existence of any pending state foreclosure or federal bankruptcy proceedings in determining whether to file a federal law suit. Id. at 9.   Finally, the Court found Defendants' arguments regarding Plaintiffs' counsel's failure to comply with the Local Civil Rule 11.2, which directs a party to disclose whether the matter in controversy is the subject of any other action pending in any court, were well founded. Id.  The Court warned that "[a] second round of non-compliance with that Rule will result in sanctions upon the filing of the appropriate motions." Id.

Defendant Nationstar Mortgage, LLC ("Nationstar Mortgage") is a mortgage loan originator in the United States and is named in the Complaint as a parent company of its acquired lenders or subsidiaries residential mortgage-lending operations, as well as on the belief that Nationstar Mortgage directed, participated in and/or influenced the setting and establishing of credit-relating policies and underwriting guidelines and practices used by each of the other Defendants.  Pls.' Compl. ¶¶ 10-11.  Plaintiffs' Complaint provides John Doe 1-10 as the alleged subsidiaries or acquired lenders of Nationstar Mortgage. Pls.' Compl. ¶ 12. Plaintiffs allege that the Defendants collectively established policies for retail and wholesale access to their loan products and that each Defendant directed, participated in and/or influenced the setting and establishing of credit-related

3

policies, procedures, practices and underwriting guidelines used by each of the other Defendants. Pls.' Compl. ¶¶ 13-14.

The Complaint provides facts specific to each Plaintiffs' respective mortgage.[3] Such allegations consist of a variation on the following combination of specific details and general conclusions regarding the loans acquired:

**Raul and Marlene Isip**[4]

80.  The Borrower secured a 1st Mortgage from Flagstar bank, FSB on July 16, 2007 in the amount of $308,000 on the referenced property.  Other Lenders that were subsequently Party to this transaction included Nationstar Bank, MERS, Inc., Integrated Financial Group together with their successors & assigns.  The Mortgagees would later declare the mortgage defaulted.

81.  First Mortgage: The loan was characterized as Interest Only Period Fixed Rate Note at a 7% interest rate.  The 10 year interest only note would convert to 20 more years of amortizing Mortgage and be due in total 8/1/2037.  The TIL indicated a finance charge of $486,318.44 and an apr of 7.168%. NEGATIVE AMORTIZATION WAS LIKELY FOR THIS TRANSACTION, A RED FLAG FOR HIGH RISK LOANS.

82.  The Client was not provided completed and/or signed FNMAE form 1003 Mortgage Applications; no Amortization schedules, or Verification Statements for Employment and either a pro forma of a Financial Statement were provided to the client.  No signed HUD-1 or Reg.Z was provided.  *Federal Disclosure Statement was not provided.  Relevant & vital documents were unsigned.  The source of the original application was not provided.  The*

---

[3]As noted in Gutierrez, the Complaint in this action, as well as in each related action, essentially constitutes a re-filing of the original complaint from Almazan. 2012 WL 272807, at *1. Judge Linares noted that the new complaints "siphoned off the individual lender Defendants named in the Original and Amended Complaints into separate actions" and refiled the complaint "slightly modified and tailored to each individual lender with a short section of around ten numbered paragraphs detailing the facts of the specific named Plaintiffs with whom each Defendant had made mortgage loans." Id.  As a result of this apparent re-filing, the counts alleged in each complaint are identical, down to their numeric order.  As noted by Judge Linares, the only apparent difference among the Complaints are the addition of facts particular to each named Plaintiff.

[4]The following excerpt is taken directly from Plaintiffs' Complaint to illustrate the nature of the specific allegations provided for each Plaintiff, to the extent they are included.

*loans were competed with marginal employment/income verifications.*

83.  The review of the client's financial situation revealed insufficient reliable income and liquidity as well as extended liabilities so as to make the aforementioned loan in excess of the Borrower's ability to repay.

84.  The taxing district, Bogota Boro, declared the True Value of the property during the transactional period to be $307,700+-.  The loan granted was $308,000 imputing a LTV of 100%.  This aggressive loan ratio merited a MIP which was not forthcoming in the transaction.  Further suspect was the URAR Appraisal that augmented the inflated valuation.

85.  **Substantive Unconscionability: The UCCC considers entering into a transaction with the knowledge that the consumer could not receive a "substantial beneift" from it or if there was no reasonable probability of payment in full as demonstrable of "Substantive Unconscionability".**

86.  The loan rates appeared to be of sub-prime nature since they clearly exceeded the rate borne by more "A" prime worthy customers.  It was a "High Risk Loan" as referenced in NJPL 2009, c84 and NJPL 2008 c127.  Signed documentation including TIL, with annual percentage rate, finance charge, amount financed and total of payments were not disclosed in a clear & conspicuous manner as to reflect the legal obligations of the parties.  These disclosures were not segregated from other information in a consumer-keep able format. None of those available documents were signed and/or provided.

87.  Absent proper customer notification cited above, and with no proper HOEPA notice, written in conspicuous type size forthcoming. The Lender (s) seem seriously deficient in disclosures.

88.  The Lender's should have been more aware of the shifting economic winds and have insisted on greater applicant equity and subsequently followed a more conservative lending policy to offset that pending value decline.

89.  The loan amount was excessive and fraught with potential abuse.  Defendants made numerous material representations to Borrowers including loan affordability but understated the deleterious effects of variable rate interest calculation.

90.  *A yield spread premium of $7,617, stated as such, was paid to Integrated Financial Group as was a Loan Discount of $3,080.   Integrated Financial also received an application fee of $582.00.  A commitment fee of $620.00 was paid to Flagstar Bank; the total fees paid were $11,899 which costs represented profligate fees which are questionable at least and underscores the Predatory Lending practice and violation of UDAP and perhaps the RICO statutes which characterized this Banking transaction.  These fees were understated by the Mortgagees and clearly inimical to the best interest of the Borrower.*

91.   ***Predatory Lending: The pattern of irregularities, unrealistic asset-based reliance, flagrant lack of disclosures, and under-emphasis on liquidity contributed to predatory lending.   These deceptive practices, fraudulent acts and omissions seemed poised to disregard and misrepresent the best interest of the Borrowers.  High LTV loans set a stage for unrealistic expectations of payment in the future.  Predatory patterns were replete in this high-risk transaction.***[5]

As demonstrated above, the only allegation specific to any named Defendants is that Nationstar Mortgage became a subsequent party to the transaction.   The precise nature of Nationstar's participation is not detailed and no further acts are indicated for which it may be held accountable. The remaining Plaintiffs at most provide a variation of comparable facts and similarly do little more than allege some level of participation by Defendants and other lenders in their mortgage transactions.   The Court will address each Plaintiff's specific allegations in turn.

Juan C. and Sandra C. Sanchez allegedly closed two mortgages when they purchased their home, with First National Bank of Arizona as the initial lender.   The mortgages allegedly exceeded the purchase price of the home.   Plaintiff further alleges that GMAC Mortgage and Countrywide Home Loans were lenders and/or assignees involved in the transaction.   Plaintiff does not provide any factual allegations against the named Defendants or provide any facts to tie the Defendants to those entities that are alleged to have participated in Plaintiffs' mortgages.

Alan Rico and Ester Viray, having refinanced their home, obtained a first mortgage from Fremont Mortgage (FGC Commercial Mortgage Finance) and a line of lenders or assignees which included Pan Am Mortgage, MERS, Inc., and Nationstar Mortgage, together with their successors and assigns.   The mortgagees would later declare the mortgage in default on January 1, 2008.

---

[5]As will be discussed in greater detail below, these allegations closely mirror those highlighted as factually deficient in the dismissal of the <u>Gutierrez</u> action.  There, Judge Linares found such allegations to "mimic the generality and legally conclusory statements made in the rest of Plaintiffs' Complaint." 2012 WL 272807, at *4.

Transactional fees were allegedly paid to Pan Am Funding and FGC/Fremont, which Plaintiffs maintain represented an equity stripping event.  Plaintiffs do not allege the precise nature of participation played by named Defendant Nationstar regarding the loan itself or the fees paid.

Victor Napenas is alleged to have secured a mortgage from Fremont Mortgage and others. According to Plaintiff, Nationstar Mortgage, MERS, Inc., and Commercial Mortgage Refinance Co. were lenders to the alleged transaction, together with their successors and assigns.  The mortgagees would later declare the mortgage in default on April 1, 2009.  Plaintiff does not provide any further factual support detailing any wrongdiong on the part of Nationstar Mortgage specifically.

Christian and Bernadette Lelina, Ramon Salcador, and Marlyn Esclamada merely allege that they "[h]ave a similar situation with the rest of Plaintiffs given here." No further facts are provided for these Plaintiffs.

For the following reasons, this Court finds that the aforementioned allegations in connection with the remaining general statements provided throughout the rest of the Complaint are insufficient to state a claim upon which relief can be granted.  Defendants Motion to Dismiss is therefore **granted.**

## II.   MOTION TO DISMISS

### A.   LEGAL STANDARD

1.   Standard of Review for Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(6)

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the  [Plaintiff]."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A]

complaint attacked by a ... motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the Defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296, *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

2. FED. R. CIV. P. 9(b)

Fraud-based claims are subject to FED. R. CIV. P. 9(b). Dewey v. Volkswagon, 558 F. Supp. 2d 505, 524 (D.N.J. 2008) ("[New Jersey Consumer Fraud Act] claims 'sounding in fraud' are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)."). Under Rule 9(b),

8

"[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  A Plaintiff must state the circumstances of the alleged fraud "with sufficient particularity to place the Defendant on notice of the 'precise misconduct with which [it is] charged.'" Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Lum v. Bank of America, 361 F.3d 217, 223-224 (3d Cir. 2004).  To satisfy this standard, the Plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  Id.

### B.    DISCUSSION

Plaintiffs' Complaint suffers from many of the same pleading deficiencies that were noted in the Almazan case, as well as the dismissals of several similar complaints to follow.  Accordingly, this Complaint must also be dismissed.  As previously noted, this Court explained that the complaint in Almazan "[did] not inform any reader what the Defendants did wrong, to whom they did it, or when they did it." Although Plaintiffs may have cured the "who" deficiencies by filing this separate complaint against those Defendants who were allegedly involved in their respective loans, Plaintiffs' Complaint in this action remains deficient regarding the "what" and "when" of Defendants alleged conduct.[6]  Such pleading deficiencies fail to properly place Defendants on notice of "any specific acts that it or [its subsidiaries] committed during the course of its mortgage transactions with Plaintiffs." Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724, at *11. (D.N.J. Jan. 27, 2012).

This Court has already found occasion to dismiss three similarly pled complaints filed in the wake of the Almazan dismissal.  Of particular note is the case of Gutierrez v. TD Bank, No. 11-5533,

---

[6]This Court notes here that several of Plaintiffs' pleadings do not even appear to remedy the "who" deficiency as they fail to implicate any of the Defendants named to this action.

2012 U.S. Dist. LEXIS 10724. (D.N.J. Jan. 27, 2012) in which the Honorable Jose L. Linares

provided an in depth discussion regarding the sufficiency of Plaintiffs' complaint.  There, on the

basis of a similarly pled complaint to that in issue here, Judge Linares found that  "as a general

matter, the paragraphs in the complaint [did] not adequately put Defendant [ ] on notice of any

specific claims linked to specific acts that it or the John Doe Defendants committed during the

course of its mortgage transactions with the Plaintiffs." Gutierrez v. TD Bank, 2012 U.S. Dist.

LEXIS 10724, at * 11.  Rather, the Court found that the specific facts addressing the mortgage

transactions between Defendant and Plaintiffs were "scarce," "while the Complaint extensively states

and restates legally conclusory statements regarding Defendant's wrongful conduct as defined

exclusively within the terms of the relevant statutes or case law authority." Id. at *17.   By way of

example, Judge Linares found that, given the allegations raised by the complaint, Plaintiffs failed

to indicate:

> which exact disclosures required by law were not provided; the nature and extent of any
> credit reporting which occurred by Defendants in violation of federal law; what, if anything,
> was inaccurate about such reporting; the substance of any written notices to Plaintiffs which
> violated their rights under state law; which terms of any contract were breached by
> Defendants; the nature of the emotional distress suffered by Plaintiffs; what, if any, benefit
> Defendants may have obtained due to alleged inaccuracies represented to Plaintiffs as
> amounts owed for any loans; what representations, if any, Plaintiffs made to Defendants
> regarding their financial circumstances and their "ability to repay" justifying their allegations
> regarding Defendants predation, and so on.

Gutierrez, 2012 U.S. Dist. LEXIS 10724, at * 17-18.  Finally, the Court took issue with the fact that

Plaintiffs' opposition failed to cite to any paragraphs in the complaint "wherein facts relevant to their

alleged claims are discernable." Id. at *18.

This Court followed suit from Gutierrez with the dismissal of the complaints in Aquino v.

Aurora Loan Services, LLC, No. 11-5518, 2012 WL 2514844 (D.N.J. June 28, 2012) and Flores, et

al. v. HSBC, et al, No. 11-5525, 2012 WL 2522987 (D.N.J. June 29, 2012).  In Aquino and Flores,

the Court found that the Plaintiffs were similarly deficient in their pleadings and therefore failed to

state a claim upon which relief might be granted.  Plaintiffs now present identical claims to those

raised in Gutierrez, Flores, and Aquino, as well as nearly identical factual allegations, with the

exception of the inclusion of the specific details of each Plaintiff's mortgage summarized above.

Consequently, Plaintiffs' Complaint suffers from the same factual deficiencies highlighted in the

preceding caselaw and must therefore be dismissed.[7]

The Third Circuit has held that "[a]lthough a Plaintiff may use legal conclusions to provide

the structure for the complaint, the pleading's factual content must independently 'permit the court

to infer more than the mere possibility of misconduct.'" Guirguis v. Movers Specialty Servs., 346

Fed. App'x. 774, 777 (3d Cir. 2009), citing Iqbal, 129 S.Ct. at 1950.  Here, Plaintiffs' Complaint is

almost entirely a recitation of legal conclusions closely mirroring the language of the statutes

Defendants are claimed to have violated.  Indeed,  the Complaint does more to inform this Court of

the state of the law than it does to inform the Court of the facts upon which Plaintiffs' claims are

based.  Such pleading leaves this Court unable to discern the appropriate causes of action for which

---

[7]The Court also notes that claims common to both the Gutierrez and the instant action
were dismissed in Gutierrez as not cognizable as a matter of law. 2012 U.S. Dist. LEXIS 10724,
at *35.  Such claims include (1) furnishing inaccurate information to credit agencies (Count 5);
(2) failure to correct inaccurate reporting (Count 6); (3) failure to provide required notices and
disclaimers (Count 7); (4) predatory and negligent lending (Counts 10 and 28); (5) New Jersey
Licensed Lenders Act (Count 11); and (6) unfair business practices (count 16).  The Court in
Gutierrez found that the aforementioned counts should be dismissed on the grounds that they
were redundant or failed to cite to any law or statute supporting a claim independent of the
claims already raised.   The Court therefore dismissed the aforementioned claims without
prejudice "to Plaintiffs' amendment of any claims asserted therein which do not duplicate other
claims already stated in Plaintiff's complaint."  Id. at *40.  This Court echoes the conclusions
drawn in Gutierrez in further support of the dismissal of the aforementioned claims.

Defendants might plausibly be held accountable.   Moreover, the Court is left with the impression that either Plaintiffs are unable to identify the true nature of the causes of action they allege, or that Plaintiffs allege that Defendants have violated each statute in virtually every way conceivable. Plaintiffs must provide some grounds upon which this Court may assess the sufficiency of each of the claims asserted, yet they have failed do more than vaguely allege that Defendant was a participant in some of the Plaintiffs' mortgage transactions.

Accordingly, this Court finds that the entirety of Plaintiffs' Complaint fails to plead with the requisite particularity to satisfy even the liberal pleading standards of Rule 8(a), let alone the heightened pleading standard for Plaintiffs' fraud-based allegations under Rule 9(b).[8]  Plaintiffs' Complaint must therefore be dismissed.[9]

### III.   CONCLUSION

------

[8]With respect to the <u>Gutierrez</u> Plaintiff's fraud-based claims, Judge Linares addressed the argument, similarly raised here, that the requirements of Rule 9(b) should be relaxed for circumstances where factual information is exclusively within the opposing party's knowledge or control.  The Court found the rule cited by Plaintiffs to be inapplicable under the circumstances, and this Court agrees.  As noted by Judge Linares,

> Plaintiffs need only state with particularity the who, what, when and where of the false misrepresentations or omissions made by Defendants <u>based on their familiarity with said misrepresentations as experienced by them in the mortgage transactions</u> . . .

<u>Id.</u> at 25-26 (emphasis added).  There, as here, "those facts are both within the Plaintiffs' control and need not be enumerated in every detail or with respect to each and every instance to meet the heightened pleading standard for fraud-based claims."  <u>Id.</u>  Just as the <u>Gutierrez</u> Plaintiff was not relieved of its obligation to plead claims of fraud with specificity under Rule 9(b), Plaintiffs here will not be so relieved.

[9]As this Court finds that the motion to dismiss should be granted for the reasons herein expressed, the Court declines to address the statute of limitations argument raised by Defendant and addressed by Judge Linares in the <u>Gutierrez</u> opinion. Similarly, this Court declines to address the arguments raised by Defendants concerning abstention.

Accordingly, as this Court finds that Plaintiffs have failed to state a claim upon which

relief can be granted,  Defendant's motion to dismiss is **granted without prejudice**.


                                               S/ Dennis M. Cavanaugh
                                            DENNIS M. CAVANAUGH, U.S.D.J.

Date:          July  30   , 2012
cc:            All Counsel of Record
               Hon. J. A. Dickson, U.S.M.J.
               File